# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **LOUIS SIMMONS** | **CIVIL ACTION NO. 08-0640** |
|     LA. DOC #415155 | |
| VS. | SECTION P |
| | JUDGE JAMES |
| **SHERIFF S. PYLANT, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Louis Simmons, appearing *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 7, 2008. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is currently incarcerated at the Madison Parish Detention Center (MPDC), Tallulah, Louisiana; however, when he filed the complaint he was incarcerated at the Franklin Parish Detention Center (FPDC), Winnsboro, Louisiana. He claims that the defendants – Franklin Parish Sheriff Steve Pylant, FPDC Warden C. Lee, and FPDC Assistant Warden Efinger – have violated his right to practice the religion of his choice. He seeks a transfer from the FPDC and $10,000 in compensatory damages for pain and suffering. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Statement of the Case*

Plaintiff, an LDOC inmate, was transferred to FPDC on January 18, 2008. He remained incarcerated there until May 6, 2008, when he was transferred to the West Carroll Parish Detention Center. [see doc. 4] According to plaintiff, during the 3 ½ months he was incarcerated

at FPDC, the defendants did not allow him to practice his "muslim religious" and did not answer his grievances. As a result, he experienced "pain and suffer because I can't pray to my God."

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A.*

*(Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint, though brief, alleges facts sufficient to conduct and conclude a preliminary screening pursuant to §1915. Accepting all of plaintiff's allegations as true, the undesigned concludes, for the reasons stated hereinafter, that his complaint is frivolous.

## 2. *Practice of Religion*

Inmates, such as the plaintiff, clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion. Nevertheless, lawful incarceration, by its very nature, brings about the necessary withdrawal or limitation of many privileges and rights. The limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives. See *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987).

The standard for evaluating an inmate's claim that a prison regulation or practice improperly restricts his right to the free exercise of his religion requires the court to evaluate the regulation or practice in order to determine whether it "is reasonably related to legitimate penological interests." *Id.* at 349. The "reasonableness" of a regulation or practice is evaluated based upon the following inquiry: (1) Is there a valid, rational connection between the prison

practice and the legitimate governmental interest put forward by prison officials to justify the practice? (2) Are there alternative means of exercising the right that remain open to prison inmates, that is, are inmates allowed other means to express their religious beliefs on a general level? (3) What impact will accommodation of the asserted constitutional right have on guards and other inmates and on the allocation of prison resources generally? and, (4) Are alternatives to the prison practice available that would accommodate the inmates' rights at a *de minimis* cost to valid penological interests? *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), *Green v. Polunsky*, 229 F.3d 486, 489-90 (5th Cir.2000). Each factor need not be considered, and the factors need not be evaluated evenly. *Scott v. Mississippi Dep't of Corrections*, 961 F.2d 77, 80 (5th Cir.1992).

Plaintiff claims that his right to freely exercise his religion has been impaired because he "... can't pray to [his] God..." With regard to the first prong of the *Turner* test, plaintiff has not alleged that prison officials have completely prohibited him from practicing his religion. The second and forth prongs of the *Turner* test, address whether or not "alternative means" of practicing his "muslim religious" have been made available to the plaintiff. In analyzing the availability to inmates of "alternative means" of exercising their religion, however, "[t]he pertinent question is not whether the inmates have been denied specific religious accommodations, but whether, more broadly, the prison affords the inmates opportunities to exercise their faith." *Freeman v. Texas Department of Criminal Justice*, 369 F.3d 854, 861 (5th Cir.2004); *Adkins v. Kaspar*, 393 F.3d 559, 564 (5th Cir. 2004). In *O'Lone v. Estate of Shabazz, supra.*, the Court observed that the plaintiff-inmates were not deprived of all forms of religious exercise; accordingly, the Court held that the "ability on the part of [the inmates] to participate in

4

other religious observances of their faith supports the conclusion that the restrictions at issue here were reasonable." *Id.* at 352.

Like the plaintiffs in *O'Lone v. Estate of Shabazz*, this plaintiff <u>has not, nor can he show that he has been deprived of all means of religious expression.</u> He claims that he cannot pray to his God, but prayer is an activity often conducted in solitude. It is inconceivable that the defendants have prevented plaintiff from praying to his God, and therefore his main claim for damages is frivolous.

In short, plaintiff has failed to demonstrate that his First Amendment free-exercise right has been violated. Accordingly, the undersigned concludes that plaintiff's First Amendment free exercise of religion claim is frivolous.

### 3. *Physical Pain and Emotional Stress and Pain*

Plaintiff seeks compensation for pain and suffering. However, he has not alleged (nor can the undersigned imagine) any physical injury resulting from the allegedly unconstitutional actions of the defendant. Title 42 U.S.C. § 1997e was amended by the Prison Litigation and Reform Act of 1996. Under the current version of the statute, prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." *Crawford-el v. Britton*, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997). The Fifth Circuit has held that the statute may be applied to bar claims for compensatory damages for First Amendment freedom of religion violations unless the plaintiff makes a prior showing of physical injury. See *Geiger v. Jowers*, 404 F.3d 371, 374-75

5

(5th Cir.2005).

Plaintiff has alleged no physical injury resulting from the actions of the defendants and therefore his claim for monetary damages as compensation for pain and suffering is legally without merit.

*4. Request for Transfer*

Plaintiff asked for a transfer to another prison. Such a prayer survives scrutiny under §1997e, however, according to the record, plaintiff was in fact transferred away from FPDC on May 6, 2008. [see doc. 4] Plaintiff's request for transfer is therefore moot.

*5. Grievances*

Finally, plaintiff implies that the defendants have violated his constitutional rights by failing to respond to his grievances. Prisoners do not have a liberty interest in having their prison administrative grievances addressed, investigated or resolved in a certain manner. See *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir.2005). To the extent that he claims otherwise, plaintiff's complaint is frivolous.

*6. Conclusion*

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond

to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, July 14, 2008.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE